(12 Misc. Rep. 171.)

### HATT v. HAGAMAN et al.

(Supreme Court, Special Term, Albany County. April 2, 1895.).

TRUSTS—POWERS OF TRUSTEE.

    A provision in a trust deed that the trustee may sell the trust property, and invest the proceeds in productive real estate, "or in such other safe and permanent securities as he may deem proper," does not authorize

him to sell property purchased by his predecessor as a reinvestment of the proceeds of the sale of property belonging to the trust estate.

Action by Samuel S. Hatt against William Hagaman and another for specific performance. Complaint dismissed.

Mead & Hatt, for plaintiff.

Ward & Cameron, for defendants.

HERRICK, J. On the 1st day of March, 1856, William Smith, of the city and county of Albany, in this state, executed and delivered to Otis Allen a deed of all the property, both real and personal, which had theretofore been assigned to him by one Thomas S. Bleeker, in trust to pay the debts of Thomas S. Bleeker, the expenses attending the execution of the trust, the necessary repairs to buildings and fixtures, the insurance, and also the assessments and taxes, after the payment of which the income of such estate was to be paid to the said Thomas S. Bleeker, during his natural life; upon the death of the said Thomas S. Bleeker, the said trustee, or his successors, to convey all the property then remaining in his hands to such person or persons as should be designated by the said Thomas S. Bleeker in his last will and testament, and, in default of any such designation, then to convey the same to the heirs at law and next of kin of the said Thomas S. Bleeker, in the same manner as if the said Thomas S. Bleeker had died intestate, seised of the property so conveyed in trust. It was further provided in the said trust deed as follows:

"And the said party of the second part is also hereby authorized and empowered at any time to grant, sell, assign, and transfer the said real and personal estate so held by him in trust, or any part thereof, at either public or private sale, and on such terms, conditions, and credits as he may deem expedient, and to execute all necessary deeds, conveyances, assignments, and transfers to perfect any such sale or sales, and to apply the proceeds of such sales and the capital of the personal estate which may at any time be in his hands to the payment of the debts which he is hereinbefore authorized to pay, and to reinvest the surplus proceeds arising from any such sale or sales, and the capital of any part of the said personal estate which may at any time be in his hands, in the purchase of good, productive real estate situate in the state of New York, or in good bonds and mortgages on unincumbered, productive real estate in this state, or in such other safe and permanent securities as he may consider proper."

The plaintiff herein subsequently became the trustee and successor of the said Otis Allen, under such trust deed. On the 14th day of February, 1895, the plaintiff entered into a written contract with the defendants for the sale to them of a certain house and lot, situate in the city of Albany, which house and lot had been acquired by one of the predecessors of said plaintiff as trustee under said trust deed, the same being purchased as a reinvestment of the surplus proceeds arising from a sale or sales of property belonging to the trust estate. The defendants agreed to purchase such property, and pay therefor the sum of $3,200, on or about the 21st day of February, 1895. Subsequent to the execution of such contract, the defendants refused the performance thereof of their part, upon the ground that the plaintiff had no

power or authority to sell such property, and could not give a legal title thereto, and thereupon the plaintiff brought this action for a specific performance by the defendants of their contract to purchase the property in question. The facts are undisputed, and are substantially as herein stated.

The court will not decree a specific performance upon the part of the vendee of a contract to purchase real estate where there is doubt of the ability of the vendor to convey a good, marketable title to the property in question. Every purchaser of real estate is entitled to a marketable title, free from incumbrances and defects, and he will not be compelled to take property the possession of which he may be compelled to defend by litigation. The title should be such that, if he wishes to sell, he may be reasonably sure that no flaw or doubt will arise to disturb its market value. Shriver v. Shriver, 86 N. Y. 575; Vought v. Williams, 120 N. Y. 253, 24 N. E. 195; Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821. In this case the power of sale is expressly granted to the trustee, but it is in terms confined to the property conveyed to the trustee. It is granted for a double purpose,—paying debts, and making investments; and that power seems to have been exercised already, it appearing in the plaintiff's complaint that the property in question here was procured by an investment of the proceeds of a sale or sales of the trust property. There is no express authority for a sale of any after-acquired property. The court will imply those powers which are necessary to carry out the purposes of the trust; no more. There are no purposes of the trust alleged in the plaintiff's complaint, nor can I see any in reading the trust deed, which render it necessary to sell the property in question here; neither do I think that the power to sell the property in question can be inferred from the power of the sale expressly given in the trust deed. It will be observed that the trustee is directed, after paying the debts, to reinvest the surplus proceeds arising from any sale or sales in the purchase of good, productive real estate, or in bonds and mortgages, "or in such other safe and permanent securities as he may consider proper." It seems to me that, instead of inferring from this the right to sell property in which the proceeds of such sales had been invested, these words are rather a restriction upon the continued power to sell, of the trustee, and that the grantor contemplated permanent investments, to continue during the life of the trust estate. The question, at least, is a serious one, not free from doubt, and one which cannot but affect the market value of the property in question, and the title offered to the defendants is therefore not one that a court of equity should compel them to accept.

The complaint should therefore be dismissed, with costs.